# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### IN RE: HEALTH MANAGEMENT ASSOCIATES, INC.
### *QUI TAM* LITIGATION (NO. II)                    MDL No. 2524

## TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, the United States of America (the Government) moves for centralization of this litigation in the Middle District of Florida. The litigation encompasses the nine *qui tam* False Claims Act actions listed on Schedule A.

Plaintiff/relators in four of the nine actions – Middle District of Georgia *Brummer*, Eastern District of Pennsylvania *Miller*, Western District of North Carolina *Mason*, and Southern District of Florida *Meyer* – submitted responses in support of centralization in the Middle District of Florida. Principal defendant Health Management Associates, Inc. (HMA) and 59 related defendants[1] support centralization, but in the District of District of Columbia. Defendant Physicians Alliance, Ltd. (PAL) – which is named in only *Miller* and as to which the Government has not made an intervention

---

[*]  Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1]  Hospital Management Associates, Inc.; Anniston HMA, LLC; Amory HMA, LLC; Bartow HMA, Inc.; Bartow HMA, LLC; Biloxi HMA, LLC; Brandon HMA, LLC; Carlisle HMA, Inc.; Chester HMA, LLC; Citrus HMA, LLC; Clarksdale HMA, LLC; Durant HMA, LLC; Gaffney HMA, LLC; Haines City HMA, LLC; Hamlet H.M.A., LLC; Hartsville HMA, LLC; Hernando HMA, LLC; HMA Fentress County General Hospital, Inc.; HMA Santa Rosa Medical Center, Inc.; Jackson HMA LLC; Kennett HMA, Inc.; Key West HMA, LLC; Lancaster HMA, Inc.; Lancaster HMA, LLC; Lebanon HMA, Inc.; Lehigh HMA, LLC; Lone Star HMA, LP; Louisburg HMA Physician Management LLC; Madison HMA, LLC; Marathon HMA, LLC; Meridian HMA, LLC; Midwest Regional Medical Center, LLC; Monroe HMA, LLC; Mooresville Hospital Management Associates, LLC; Naples HMA, LLC; Natchez Community Hospital, LLC; Osceola SC, LLC; Paintsville Hospital Company LLC; Pasco Regional Medical Center, LLC; Poplar Bluff Regional Medical Center, Inc.; Poplar Bluff Regional Medical Center, LLC; Port Charlotte HMA, LLC; Punta Gorda HMA, LLC; River Oaks Hospital, LLC; Riverview Regional Medical Center, LLC; Rose City HMA, Inc.; Rose City HMA, LLC; Santa Rosa HMA Physicians Management LLC; Sebastian Hospital, LLC; Sebring Hospital Management Associates, LLC; Statesboro HMA Inc.; Statesville HMA, Inc.; Tullahoma HMA, Inc.; Van Buren Central Business Office, LLC; Van Buren H.M.A., Inc.; Venice HMA, LLC; Williamson Memorial Hospital, LLC; Winder HMA, LLC; and Yakima HMA, LLC.

- 2 -

decision – requests that the claims against it not be included in the MDL, if one is created. If the Panel denies that request, then PAL supports centralization in the District of District of Columbia.[2]

At our May 2013 hearing session, we denied the Government's motion to centralize, in the Middle District of Florida, the same nine actions now before us. In doing so, we acknowledged that the actions did "appear to share certain factual issues arising from allegations that HMA and related defendants provided improper remuneration to physicians and/or employed various improper policies and practices that encouraged or coerced the administration of medically unnecessary tests on Emergency Room patients, as well as the admission to the hospital of patients who should have received outpatient care." *See* MDL No. 2442, Order Denying Transfer, at 2-3 (J.P.M.L. June 6, 2013) (ECF No. 76). We also noted that most of the actions involved allegations that the misconduct was "corporate-wide in nature." *Id.* at 3. We denied centralization as "premature,"however, because (a) all of the actions were then under seal, as the Government had not yet decided to intervene in any of them;[3] and (b) it was unclear when the Government's intervention decisions would come, and thus correspondingly unclear when pretrial proceedings would begin in earnest. *See id.* In December 2013, several months after our decision, the Government notified the involved courts of its intent to intervene, or partially intervene, in eight of the nine actions (all but Middle District of Florida *Napoliello*). The Government then filed this second motion for centralization.

On the basis of the papers filed,[4] we are now persuaded that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share the various factual issues referenced above, and, with the Government now having made its intervention decisions, we conclude

---

[2]   Numerous parties did not submit briefs, but did file notices waiving oral argument in which they indicated that they supported centralization in either the Middle District of Florida or the District of District of Columbia. Specifically, plaintiff/relators in the other five actions (Middle District of Florida *Napoliello* and *Nurkin*, District of South Carolina *Meyer*, Middle District of Georgia *Williams*, and Northern District of Illinois *Plantz*) support centralization in the Middle District of Florida. Gary Newsome, HMA's former CEO and a defendant in District of South Carolina *Meyer*, supports centralization in the District of District of Columbia. PRO-MED Clinical Systems, LLC, which is a defendant in *Plantz*, supports centralization in either of the two districts.

[3]   The Section 1407 proceedings in MDL No. 2442 also were conducted under seal. On the Government's motion, the seal was lifted (with the exception of a limited number of items) in January 2014. *See* MDL No. 2442, Minute Order (J.P.M.L. Jan 10, 2014) (ECF No. 79).

[4]   The parties waived oral argument.

- 3 -

that centralization will eliminate the possibilities of duplicative discovery and conflicting pretrial rulings, and facilitate the resolution of any first-to-file issues that may arise.[5]

We reject PAL's request that we exclude the claims against it in the *Miller* action from the MDL. *See* 28 U.S.C. § 1407(a) (authorizing the Panel to "separate any claim, cross-claim, counter-claim, or third party claim and remand any of such claims before the remainder of the action is remanded"). The *Miller* plaintiffs plainly allege a conspiracy involving the HMA defendants and PAL, making separation and remand of such claims inefficient and, indeed, virtually impracticable. *See, e.g., Miller* Compl. ¶ 384 ("Defendant PAL conspired with Defendants HMA and Lancaster by assisting in the illegal kickback arrangement, by recruiting PAL physicians to participate in HMA's joint venture of Lancaster Regional, and by demanding an additional $500,000 annual payment."). To the extent that *Miller* involves some unique issues, the transferee judge has the discretion to handle those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice. *See, e.g., In re: Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 812 F. Supp. 2d 1380, 1383 (J.P.M.L. 2011). In addition, the transferee judge, whenever he deems appropriate, may recommend Section 1407 remand of *Miller* or any claims in *Miller* in advance of other actions or claims. *See In re: ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007).

After weighing all factors, we have selected the District of District of Columbia as transferee district for this litigation.[6]  Counsel for both the Government and the HMA defendants are located there, and HMA's attorneys represent that numerous potentially discoverable documents have been transferred to their offices. Centralization in the District of District of Columbia also addresses PAL's concern that litigating in the Middle District of Florida would impose an exceptional burden on PAL, which is a group of affiliated physicians located in the Lancaster, Pennsylvania, area. Last but not least, the Honorable Reggie B. Walton, to whom we assign this MDL, is an experienced jurist, and we have every confidence that he will steer the litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Reggie B. Walton for coordinated or consolidated pretrial proceedings.

---

[5]    *See* 31 U.S.C. § 3730(b)(5) ("When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action.").

[6]    Although no constituent action currently is pending in the District of District of Columbia, that is no impediment to its selection as transferee district. *See, e.g., In re: Nutramax Cosamin Mktg. & Sales Practices Litig.*, — F. Supp. 2d —, 2013 WL 6825613, at *1 n.2 (J.P.M.L. Dec. 17, 2013).

- 4 -

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Charles R. Breyer                    Sarah S. Vance
Ellen Segal Huvelle

**IN RE: HEALTH MANAGEMENT ASSOCIATES, INC.**
***QUI TAM* LITIGATION (NO. II)**                    MDL No. 2524

## SCHEDULE A

Middle District of Florida

UNITED STATES OF AMERICA, ET AL. V. HEALTH MANAGEMENT
    ASSOCIATES, INC., ET AL., C.A. No. 2:11-00014
NAPOLIELLO V. HEALTH MANAGEMENT ASSOCIATES, INC.,
    C.A. No. 8:08-01795

Southern District of Florida

UNITED STATES OF AMERICA, EX REL. V. HEALTH MANAGEMENT
    ASSOCIATES, INC., C.A. No. 0:11-62445

Middle District of Georgia

UNITED STATES, EX REL ET AL. V. HOSPITAL MANAGEMENT
    ASSOCIATES, INC., ET AL., C.A. No. 3:09-00135
WILLIAMS, EX REL V. HEALTH MANAGEMENT ASSOCIATES INC., ET AL.,
    C.A. No. 3:12-00151

Northern District of Illinois

PLANTZ, ET AL. V. HEALTH MANAGEMENT ASSOCIATES INC., ET AL.,
    C.A. No. 1:13-01212

Western District of North Carolina

MASON, ET AL. V. HEALTH MANAGEMENT ASSOCIATES, INC., ET AL.,
    C.A. No. 3:10-00472

Eastern District of Pennsylvania

UNITED STATES OF AMERICA, EX REL MILLER, ET AL. V. HEALTH
    MANAGEMENT ASSOCIATES, INC., C.A. No. 5:10-03007

District of South Carolina

USA, ET AL. V. HEALTH MANAGEMENT ASSOCIATES INC., ET AL.,
    C.A. No. 0:11-01713