**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: HEALTH MANAGEMENT ASSOCIATES, INC. QUI TAM LITIGATION (NO. II), | Misc. Action No. 14-339 (RBW)<br>MDL Docket No. 2524 |
| This Document Relates To:<br>ALL CASES | |

**INITIAL PRACTICE & PROCEDURE ORDER**

This order shall, unless superseded by subsequent orders, govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of April 3, 2014, as well as any related or "tag-along" actions that may in the future be originally filed in this Court or transferred or removed to this Court. As of this date, those actions are:

No. 1:14-cv-605, United States, et al. v. Health Mgmt. Assoc., Inc., et al. (transferred from M.D. Fla.)
No. 1:14-cv-584, Napoliello v. Health Mgmt. Assoc., Inc. (transferred from M.D. Fla.)
No. 1:14-cv-585, United States, ex rel. v. Health Mgmt. Assoc., Inc. (transferred from S.D. Fla.)
No. 1:14-cv-573, United States, ex rel. et al.v. Hospital Mgmt. Assoc., Inc., et al., (transferred from M.D. Ga.)
No. 1:14-cv-574, Williams, ex rel. v. Health Mgmt. Assoc Inc., et al., (transferred from M.D. Ga.)
No. 1:14-cv-653, Plantz, et al. v. Health Mgmt. Assoc. Inc., et al., (transferred from N.D. Ill.)
No. 1:14-cv-579, Mason, et al. v. Health Mgmt. Assoc., Inc., et al., (transferred from W.D.N.C.)
No. 1:14-cv-583, United States, ex rel. Miller, et al. v. Health Mgmt. Assoc., Inc., (transferred from E.D. Pa.)
No. 1:14-cv-586, United States, et al. v. Health Mgmt. Assoc., Inc., et al., (transferred from D.S.C.).

It is this 23rd day of April, 2014, hereby **ORDERED** that

1. All such actions (hereinafter "these actions") – including actions that may be filed, transferred, or removed subsequent to the issuance of this order – shall be consolidated with the above referenced case for pretrial purposes. Any party that objects to such consolidation or to any other provision of this Order **must** raise such objections at the Initial Scheduling and Case Management Conference (to be set later by this order) or, if the case is consolidated herewith following that conference, such party **must** raise such objections by a motion for relief from this Order within ten (10) days of either counsel's first appearance herein or the entry of a consolidation order in such case, whichever is earlier.

2. The Clerk of this Court shall maintain a Master Docket and electronic case file under the caption "In re Health Management Associates, Inc. Qui Tam Litigation" and the case number 1:14-mc-339 (RBW). All pleadings, motions, or other papers relating to these actions **shall be filed in the Master Docket only**, unless otherwise directed by the Court. Every such pleading, motion, or paper shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: HEALTH MANAGEMENT ASSOCIATES, INC. QUI TAM LITIGATION (NO. II), | ) | Misc. Action No. 14-339 (RBW)<br>MDL Docket No. 2524 |
| This Document Relates To: | ) | |

When the document being filed pertains to all cases, the phrase **"ALL CASES"** shall appear immediately below the phrase "This Document Relates To." When the documents pertains to fewer than all cases, the document shall list each case to which the document relates on a

separate line below the phrase "This Document Relates To"; the cases shall be designated by the last name of the first named plaintiff, followed by the individual civil-action docket number assigned by the Clerk of **this Court** (e.g., "Mason, No. 1:14-cv-579").

3. All papers shall be filed by electronic means, via the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) this Court's Local Civil Rule 5.4. Counsel not already registered for CM/ECF access shall promptly obtain a CM/ECF password from the Clerk of this Court, per the requirements of this Court's Local Civil Rule 5.4(b). As provided by this Court's Local Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords. Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure.

4. **No more than one attorney for each plaintiff and each defendant** may enter an appearance on the Master Docket. If more than one attorney for a plaintiff or defendant currently is designated on the Master Docket as an "attorney to be noticed," that plaintiff and defendant shall provide the Clerk of the Court with the name of one counsel to be the attorney of record, and the Clerk shall remove all other listed attorneys for that plaintiff and defendant from the Master Docket.

5. Any paper filed herein that is substantially identical to any other paper filed herein shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, **they shall**, if practicable, join in the submission of such papers and shall file only one paper on behalf of all parties so joined.

6. All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket, in compliance with the requirements of paragraph 5 of this Order.

7. The defendants shall file a Notice of Related Case in the Master Docket whenever a case is filed in this Court that the defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

8. The terms of this Order shall not have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.

9. The defendants' obligations to answer or otherwise respond to the initial complaints filed in these actions shall, if applicable, remain stayed pending the Initial Scheduling and Case Management Conference and further order of the Court.

10. All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts or file any papers pursuant to Rule 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court.

11. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

12. Counsel shall familiarize themselves with the Local Civil Rules of this Court. Except as provided herein to the contrary, the parties shall comply with all such rules. The parties are directed especially to the requirements of this Court's Local Civil Rule 5.1(b), regarding written correspondence with the Court (which shall be by motion, opposition, and reply, rather than letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in

advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c), regarding the submission of proposed orders with all motions and oppositions.

13. The requirements of this Court's Local Civil Rule 23.1(b) are waived. Any motion(s) for class certification or appointment of class counsel shall be filed pursuant to further order of the Court.

14. Hearings shall not be held on any motions, except by order of the Court, upon such notice as the Court may direct.

15. The Court will be guided by the Manual for Complex Litigation 4th, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

16. No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of this Court's Local Civil Rule 83.2 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

17. All other matters will be discussed at the Initial Scheduling and Case Management Conference, which is hereby set for **Friday, June 6, 2014, at 2:00 p.m. in Courtroom 16**. Parties are welcome to attend. Counsel and parties who reside outside of the metropolitan Washington, D.C., area may participate in the conference telephonically, provided that they jointly make arrangements for a dial-in telephone-conferencing service (i.e., a single telephone number that can be used to connect all telephonic participants). In the event that any counsel or party wishes to participate telephonically, a designee of all such counsel and parties shall contact chambers of the undersigned judge no later than two business days in advance of the conference to provide a telephone number and, if necessary, a participant access code for the telephone-

conferencing service. All telephonic participants shall be online by not later than **1:55 p.m.** on the date of the conference.

18. In lieu of complying with the specific requirements of this Court's Local Civil Rule 16.3, counsel shall – at the initiation of counsel for defendant Health Management Associates, Inc., and by not later than **Friday, May 23, 2014** – meet, confer, and seek consensus regarding a proposed Scheduling Order and Case Management Plan that will facilitate the just, speedy, and inexpensive determination of all pretrial matters. Counsel shall discuss all matters that are likely to be addressed at the Initial Scheduling and Case Management Conference, including (but not limited to) the following:

a. Whether there is a realistic possibility of settling the case without judicial action.

b. Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of ADR, such as referral to a magistrate judge for purposes of facilitating settlement discussions. In assessing the above, counsel shall consider:

    i. The client's goals in bringing or defending the litigation.

    ii. Whether settlement talks have already occurred and, if so, why they did not produce an agreement.

    iii. The point during the litigation when ADR would be most appropriate, with special consideration given to:

        1. whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        2. whether ADR should take place before or after the judicial resolution of key legal issues.

iv. Whether the parties would benefit from a neutral evaluation of the case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case.

v. Whether cost savings or any other practical advantages would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.

c. The possibility of filing a consolidated amended complaint and the timing thereof.

d. Dates for defendants to file responsive pleadings (consolidated or otherwise) and/or motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

e. Whether some or all of the factual or legal issues can be agreed upon or narrowed.

f. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, if not, what if any changes should be made in the scope, form or timing of those disclosures.

g. Whether discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

h. The anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

i. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur.

j. Whether parties are likely to file dispositive motions and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies.

k. Such other matters that the parties believe may be appropriate for inclusion in the Scheduling Order and Case Management Plan.

l. Suggestions for additional items to be included on the agenda for the Initial Scheduling and Case Management Conference.

m. Arrangements for any telephone-conferencing service that will be needed for the Initial Scheduling and Case Management Conference.

By no later than **Friday, May 30, 2014, at 2:00 p.m.** the attorneys of record shall jointly submit to the Court a written report that (1) outlines the proposed Scheduling and Case Management Plan, including a succinct statement of all agreements reached with respect to any of the above issues, a description of the positions of each party on any matters as to which they disagree, and a proposed Scheduling Order, and (2) that identifies of all defendant corporations (as well as parent, subsidiary, or affiliate entities) that have outstanding securities in the hands of the public.

19. At the Initial Scheduling and Case Management Conference, counsel for plaintiffs (both Government and qui tam relators) shall be prepared to designate **no more than three** liaison counsel, who should be (or be eligible to become) members of the Bar of this Court and shall be authorized to represent all parties within their liaison group solely for purposes of (1) conferring on nondispositive motions and (2) appearing at future conferences and hearings before the Court. Other plaintiffs' counsel need not attend future conferences and hearings before the Court, but they may **monitor (without participating in)** such conferences and hearings, provided that they jointly make arrangements for a dial-in telephone-conferencing service and contact chambers of the undersigned judge at least two business days in advance of the conference or hearing to provide any necessary telephone number and access code. Additionally, at the Initial Scheduling and Case Management Conference, counsel for the

defendants shall be prepared to present the Court with a case management structure in compliance with the Manual for Complex Litigation 4th § 10.22, to include the designation of a "lead counsel."

20. All parties shall provide the Court with courtesy copies of all filings that exceed fifteen (15) pages. In the event that the filings include more than three exhibits, the courtesy copies shall be provided to the Court in binders with the appropriate exhibits and references tabbed.

**SO ORDERED** this 23rd day of April, 2014.

REGGIE B. WALTON
United States District Judge